**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 19 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KIP ANTONIO SMITH,

        Petitioner-Appellant,

v.

STEVE BECK,

        Respondent-Appellee.

No. 04-5073

N.D. of Okla.

(D.C. No. CV-02-601-EA)

**ORDER AND JUDGMENT** [*]

Before **TACHA**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Kip Antonio Smith filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. In his petition, Smith argued the state of Oklahoma was collaterally estopped from criminally prosecuting him for sexual abuse of a child because the issue had already been adjudicated adversely to the State in an earlier civil juvenile proceeding. On October 20, 2004, we entered an order granting Smith's request for a certificate of appealability with respect to the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

collateral estoppel issue. *See* 28 U.S.C. § 2253(c)(2). The court also appointed counsel under the Criminal Justice Act. *See* 18 U.S.C. § 3006A(a)(2)(B).

Pursuant to 28 U.S.C. § 2254(d), Smith is entitled to habeas relief only if he can establish that the state court's adjudication with respect to the collateral estoppel issue (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or (2) was premised on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Applying this standard, we must analyze Smith's claim in light of the Supreme Court's collateral estoppel jurisprudence. Specifically, to determine the applicability of the doctrine we must "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge and other relevant matter[s]." *Ashe v. Swenson*, 397 U.S. 436, 444 (1970). In short, we must undertake a complete record review.

In reviewing Smith's petition, the federal district court directed the State to supplement the habeas record with a transcript and pleadings relevant to the underlying state criminal case. In addition, the court directed supplementation with the transcript from the civil juvenile proceeding. Unable to obtain all of the desired documents, the court reviewed what was available and eventually denied the petition on the merits. After oral argument in this case, we ordered the parties

to supplement this record with the complete transcripts of the civil and criminal proceedings. Following entry of that order, it became clear all the relevant materials are available. Because review of the complete record is required under the applicable law, we have determined this matter must be remanded to the district court. In particular, the court should review the materials in the first instance in light of the standard set forth in *Ashe. See id.*

The decision of the United States District Court for the Northern District of Oklahoma is reversed, and this matter is remanded with instructions to the court to undertake the applicable record review. After completing that review, the court should consider the merits of Smith's collateral estoppel claim.[1]

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[1] Specifically, the parties have transmitted to this court the transcript of the state criminal proceeding and a partial transcript of the civil juvenile proceeding. The Clerk of this court is directed to include those materials with the original record when it is returned to the district court. In addition, we note the remainder of the civil proceeding is on tape and available for transcription. On remand, Smith must request transcription and supplement the record with all of the relevant transcripts.